IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMMODIGY OG VEGAS HOLDINGS LLC | ) | CASE NO. |
| 180 Honey Bell Oval | ) | |
| Chagrin Falls, OH  44022 | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| ADM LABS | ) | COMPLAINT |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ADM GROUP | ) | |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ARMAN MOTIWALLA | ) | |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JAKE SHORTINO | ) | |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| COLIN DAVIS | ) | |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JOHN DOES (1-10) | ) | |
| Names unknown | ) | |
| 4785 Tejon Street | ) | |
| Denver, CO 80211 | ) | |

**EXHIBIT "B"**

Defendants.                                )
                                           )

Now comes the Plaintiff, by and through counsel, and for its complaint for relief, states

the following:

JURISDICTION AND VENUE

1.  Plaintiff is an Ohio registered limited liability company in good standing, whose principal

    place of business is located in Cuyahoga County, Ohio.

2.  Defendants ADM Labs and ADM Group (collectively "ADM") have never represented

    themselves as acting in any form of limited liability entity capacity. ADM is located in

    Denver Colorado, and subjected themselves to the personal jurisdiction of this court

    under Ohio Revised Code §2307.82(A)(1), (2), (3) and/or (6) and Civ.R. 4.3 by virtue of

    transacting business with Plaintiff in Ohio, contracting in Ohio to provide goods and

    services and/or causing tortious injury (Fraud, as detailed below) in this state to any

    person by an act inside and/or outside this state committed with the purpose of injuring

    persons, when ADM might reasonably have expected that Plaintiff would be injured

    thereby in Ohio.

3.  Defendants Arman Motiwalla ("AM"), Jake Shortino ("JS"), Colin Davis ("CD") and

    John Does 1-10, whose names are not known to Plaintiff but are known to Defendants

    ADM, AM and/or JS, are all principals/partners of ADM and are residents of Colorado.

    AM, JS, CD and John Does 1-10 subjected themselves to the personal jurisdiction of this

    court under Ohio Revised Code §2307.82(A)(1), (2), (3) and/or (6) and Civ.R. 4.3 by

    virtue of transacting business with Plaintiff in Ohio, contracting in Ohio to provide goods

    and services and/or causing tortious injury (Fraud, as detailed below) in this state to by an

act inside and/or outside this state committed with the purpose of injuring persons, when they each might reasonably have expected that Plaintiff would be injured thereby in Ohio.

4.  Venue is proper in this court pursuant to Civ.R. 3(C)(3)(6) and/or (7) because Defendants reside outside of Ohio, the contract was formed in Cuyahoga County, Ohio and the harms caused by Defendants occurred in Cuyahoga County, Ohio.

5.  As none of the Defendants ever held themselves out as acting in any form of limited liability capacity, and as all Defendants associated with one another to carry out a business for profit, each of the named defendants are partners and are jointly and severally liable for the acts of one another per Ohio's Uniform Partnership Act statute, Ohio Revised Code §1776.01 et seq.

## FACTS COMMON TO ALL CLAIMS

6.  Plaintiff incorporates all allegations set forth herein by reference as if rewritten fully.

7.  Plaintiff is in the business of financing purchases and making purchases of legalized industrial hemp from industrial hemp suppliers (such as Defendants) for the purpose of processing said hemp into cannabinoid oils and isolates with licensed processors for resale to commercial buyers. All financial transactions regarding said financing and purchasing are conducted from Plaintiff's offices in Cuyahoga County, Ohio, including the transaction at issue in this case.

8.  Under the most recent United States Farm Bill, industrial hemp is legal to transport interstate if its level of THC is less than 0.3% of the plant's Cannabinoid profile.

9.  According to its website, Defendant ADM Labs focuses on the extraction of CBD as well as the wholesale of industrial hemp. ADM Labs "sells to the manufacturing and wholesale segments of the industrial hemp supply chain" (such as Plaintiff).

10. On January 26, 2019, Defendants jointly provided to Plaintiff a "Certificate of Analysis" ("COA") for a supply of hemp that they desired to sell to Plaintiff.  Said COA provided that the level of CBD in said supply was 10.32% and that the THC level for the supply was 0.29%.  Said COA was electronically signed by Defendant AM, as "Managing Partner of ADM Labs, an ADM Group Company."  Said COA further represented, in relevant part, that "This product has been tested by ADM Labs, LLC using valid testing methodologies and a quality system as required by state law.  Values reported relate only to the product tested."  (See Exhibit 1).

11. Based upon the representations made to Plaintiff by Defendants in the COA, Plaintiff negotiated with Defendants to purchase 13,500 pounds of the industrial hemp represented in the COA at a price of $540,000.00 ($40/pound).

12. On February 19, 2019, Defendants issued and offered an invoice to Plaintiff at its Rocky River, Ohio location for the purchase and sale of said industrial hemp.  (Invoice attached and incorporated as Exhibit 2).  Contained within this Invoice were various additional terms of the purchase and sale, including, in relevant part:

LIMITED WARRANTY

REPLACEMENT OF PRODUCT OR REFUND OF THE PURCHASE PRICE AS PROVIDED UNDER THIS LIMITED WARRANTY ARE PURCHASER'S EXCLUSIVE REMEDIES. SELLER MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING USE OF THE PRODUCT FOR ANY PURPOSES, INCLUDING PURCHASER'S FURTHER DISTRIBUTION, PROCESSING, AND SALE OF THE PRODUCT AND INCLUDING USE OF THE PRODUCT IN APPLICATIONS INVOLVING THE DIAGNOSIS, CURE, MITIGATION, TREATMENT OR PREVENTION OF ANY ILLNESS, INJURY OR DISEASE. SELLER HEREBY DISCLAIMS, AND PURCHASER WAIVES, ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE.  UNDER NO CIRCUMSTANCES WILL SELLER BE LIABLE TO PURCHASER FOR ANY INDIRECT, CONSEQUENTIAL, COLLATERAL, SPECIAL, OR INCIDENTAL DAMAGES (INCLUDING, BUT NOT LIMITED TO,

LOSS OF PROFITS) WITH RESPECT TO ANY PRODUCT OR SERVICE PROVIDED BY SELLER. WHETHER SUCH CLAIM IS BASED ON CONTRACT, NEGLIGENCE, STRICT TORT, WARRANTY, OR ANY OTHER BASIS.  SELLER'S LIABILITY MAY NOT, IN ANY EVENT, EXCEED THE PURCHASE PRICE OF THE PARTICULAR PRODUCT WITH RESPECT TO WHICH A CLAIM IS MADE.

<u>ASSUMPTION OF RISK</u>

Prior to delivery of product. Purchaser will have opportunity to inspect and test the Product for conformity with the Purchase Order or any provided Certificate of Analysis or other laboratory results.  Following inspection and testing, Purchaser may request in writing that Seller replace any nonconforming Product or adjust the quantity of the Lot to comply with the quantity or other specifications set forth in the Order.  **<u>Seller warrants that the Product will conform substantially to the previously provided COA (certificate of analysis) provided with the sale of a given Lot.</u>**  Notwithstanding anything contained in this invoice to the contrary, the limited warranty of Seller as provided herein will be void if any alterations, modifications, or processing have been performed on Product, or, to the extent that any alleged defect is the result of abuse. misuse, improper maintenance or storage. accident. action, or inaction on the part of any Party (or their agent) other than Seller.  (Emphasis added).  (See Exhibit 2).

13. What the Invoice did NOT contain was a choice of law or choice of forum provision.  See Exhibit 2.

14. Plaintiff did not accept the Invoice offer as written. but instead counteroffered with additional terms and conditions contained in Plaintiff's Hemp Sales Order Form later on February 19. 2019.  Said Hemp Sales Order Form specifically referenced by invoice number Plaintiff's Invoice and was issued from Plaintiff's offices in Rocky River. Ohio. Plaintiff's Hemp Sales Order Form contained additional packaging and shipping requirements to assure that "any alleged defect" could not be "the result of abuse. misuse, improper maintenance or storage, accident. action, or inaction on the part of any Party (or their agent) other than Seller."  Said Hemp Sales Order Form was accepted by Defendants and was electronically signed by AM on February 21. 2019 as "Chief Executive Officer" of "ADM Labs."  (See signed Hemp Sales Order Form attached and incorporated herein as Exhibit 3).

15. Plaintiff paid Defendants the Five Hundred Forty Thousand Dollar ($540,000.00) hemp purchase price as set forth in Exhibits 2 and 3.

16. The hemp at issue was packed as required by the Hemp Sales Order Form and shipped from Defendants to Plaintiff's licensed processor in Las Vegas, Nevada via truck on February 21, 2019.  Upon arrival, the product was stored without any exposure to daylight in a cool, dry, industrial hemp storage warehouse operated by Plaintiff's licensed processor.

17. On March 12, 2019, Plaintiff's licensed processor caused the hemp at issue to be tested by an independent testing laboratory.  Three (3) separate samples from the Defendants' shipment were taken.  Instead of coming back at 10.32% CDB as warranted by Defendants, the results came back 3.726%, 4.519%, 4.644% CBD, respectively.  A copy of these lab results are attached as Exhibit 4.

18. Plaintiff, by and through its officers, immediately notified Defendants of the deficiency of the hemp sold and inquired about this bait and switch.  Defendants communicated to Plaintiff's officers that they would investigate into the matter and make good on the sale, whether by refund of the purchase money and paying for return shipping of the bad product, or by replacing the product with compliant industrial hemp.  They kept promising and promising, until they refused to honor the contract (Exhibits 2 and 3) and the warranty (Exhibit 2) by virtue of written correspondence by their legal counsel on May 13, 2019.

COUNT I

(Breach of Contract)

19. Plaintiff incorporates all allegations set forth herein by reference as if rewritten fully.

20. Exhibits 2 and 3 jointly create a binding contract (jointly referred to as "Contract").

21. Defendants ADM, AM and JS are parties to the Contract with Plaintiff.

22. Plaintiff performed under the Contract by virtue of its payment of Five Hundred Forty
    Thousand Dollars ($540,000.00) USD to Defendants.

23. Defendants jointly and severally breached the Contract by:

    a.  Not providing the hemp that was represented by Defendants' COA (Exhibit 1) to
        the Plaintiff; and/or

    b.  Not honoring the express warranty set forth in Exhibit 2.

24. The hemp that was delivered is valueless, and Plaintiffs are making all reasonable efforts
    to mitigate the loss by attempting to recover any value for it as scrap or other reasonable
    commercial use.

25. As the direct and proximate result of Defendants' joint and several breaches of the
    Contract, Plaintiff has incurred Five Hundred Forty Thousand Dollar ($540,000.00) USD
    in contract damages.

<u>COUNT II</u>

(Unjust Enrichment)

26. Plaintiff incorporates all allegations set forth herein by reference as if rewritten fully.

27. Defendants CD, John Does and any other named Defendants who may be determined to
    not be a party to the Contract have knowingly received the benefit of Plaintiff's monies
    and have unjustly retained them.

28. As the direct and proximate result of said Defendants' joint and several unjust
    enrichment, Plaintiff has incurred Five Hundred Forty Thousand Dollar ($540,000.00)
    USD in damages.

## COUNT III

### (Fraud)

29. Plaintiff incorporates all allegations set forth herein by reference as if rewritten fully.

30. Defendants jointly and severally made multiple intentionally and materially false representations to Plaintiff, including but not limited to:

   a. Statements contained in the COA that the level of CBD in said supply was 10.32% and that the THC level for the supply was 0.29%;

   b. Statements contained in the COA that "This product has been tested by ADM Labs, LLC using valid testing methodologies and a quality system as required by state law. Values reported relate only to the product tested;"

   c. Seller (Defendants) warrants that the Product will conform substantially to the previously provided COA (certificate of analysis) provided with the sale of a given Lot; and/or

   d. That Defendants would honor their warranty and return the purchase monies or provide other industrial hemp biomass that fulfills the COA's representations.

31. Defendants at all times knew that all of these material misrepresentations were not true and at all times acted with malice.

32. Plaintiffs actually and justifiably relied upon each and every one of the aforementioned intentional misrepresentations, to their detriment.

33. As the direct and proximate result of Defendants' joint and several frauds upon the Plaintiff, Plaintiff has incurred Five Hundred Forty Thousand Dollar ($540,000.00) USD in actual damages. Further, as the direct and proximate result of AM, JS and CD's joint and several frauds upon Plaintiff, Plaintiff has also incurred incidental and consequential

damages including lost profits and lost business opportunity, interest, costs, attorney's fees and any other relief the court may deem just.

WHEREFORE, on Count I, Plaintiff prays for a judgment against Defendants ADM, AM and JS, jointly and severally, in the amount of the Five Hundred Forty Thousand Dollar ($540,000.00) USD in contract damages, together with statutory prejudgment and post-judgment interest, costs and any other relief the court deems just.

WHEREFORE, on Count II, Plaintiff prays for a judgment against Defendants CD, John Does (1-10) and any other Defendants determined to not be parties to the Contract, jointly and severally, in an amount in excess of twenty five thousand dollars ($25,000.00+), together with incidental and consequential damages, prejudgment and post-judgment interest, costs and any other relief the court deems just.

WHEREFORE, on Count III, Plaintiff prays for a judgment against all Defendants, jointly and severally, in amount of the Five Hundred Forty Thousand Dollar ($540,000.00) USD in contract damages, punitive damages against Defendants AM, JS, CD and John Does (1-10), an award of reasonable attorney's fees, together with statutory prejudgment and post-judgment interest, costs and any other relief the court deems just.

Respectfully submitted,

/s/ Daniel F. Lindner
Daniel F. Lindner (0063918)
The Lindner Law Form LLC
2077 East 4th Street, Second Floor
Cleveland, Ohio 44115
(216) 737-8888, (216) 737-9999 Fax
Daniel@Justuslawyers.com

Attorney for the Plaintiff

## CERTFICATE OF ANALYSIS

LABS
AN ADM GROUP COMPANY

4975 Tejon St.
Denver, CO 80211 USA
(516) 320-1845

Batch: *ADML-BBCS196*
Test Performed: *01/26/2019*
Sample Type: *Flower*

PREPARED FOR:  ADM GROUP

| TOTAL THC*: 0.29 % | TOTAL CBD*: 10.32 % |
|---|---|
| THC + THC-A % by weight | CBD + CBDV % by weight |

### Cannabinoid Profile

| Compound | % | mg/unit |
|---|---|---|
| Δ9THC | 0.29 | 2.9 |
| Δ8THC | ND | ND |
| CBD | 10.32 | 103.2 |
| CBN | 0.00 | 0.00 |
| CBG | 0.266 | 2.66 |
| CBV | ND | ND |
| TOTAL | 11.086% | 110.86 |



Total Cannabinoids' is sum of all cannabinoids, Total THC'* = THCa + d9  TH C, Potential D9 THC = (TH Ca x 0.877) + d9 -THC, Total CBD = CBDa + CBD, Potential CBD'* = (CBDa x 0.877) + CBD. LOQ = Limit of Quantitation. The reported result is based on a sample weight with the applicable moisture content for that sample. Unless otherwise stated all quality  control samples performed within specifications established by the Laboratory.

NR= Not Reported thus no analysis was performed, ND= Not Detected thus the concentration is less than the Limit of Quantitation (LOQ).

APPROVAL


ADMLABS
AN ADM GROUP COMPANY

Arman Motiwaila, Managing Partner
01/26/2019

Electronically Filed 05/15/2019 16:04 / I CV 19 915419 / Confirmation Nbr. 1710936 / CLSLP

This product has been tested by ADM Labs, LLC using valid testing methodologies and a quality system as required by state law. Values reported relate only to the product tested. ADM Labs, LLC makes no claims as to the efficiency, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This certificate shall not be reproduced except in full, without the written approval of ADM Labs, LLC.

EXHIBIT 1

 **ADM** LABS                    EXHIBIT 2

**Bill To**                      **Ship To**
**Commodigy**                    19120 Old Detroit Rd.
19120 Old Detroit Rd.            Rocky River
Rocky River                      44116 OH
44116 OH                         United States
United States

# INVOICE

INV-456267

| | | **Balance Due $540,000.00** |
|---|---|---|
| Invoice Date | 19 Feb 2019 | |
| Terms | Due On Receipt | |
| Due Date | 19 Feb 2019 | |
| P.O.# | SO-00630 | |
| Sales person | Jake Shortino | DRAFT |

**\*\*PLEASE NOTE NEW BANKING AND PAYMENT INFORMATION BELOW\*\***

| # | Item & Description | Batch Reference# | Qty | Rate | Amount |
|---|---|---|---|---|---|
| 1 | ADM Labs - Industrial Hemp - Extractable /Non-Manicured SKU : ADMLPROD12 | BBAV196a | 13,500.00 Pounds | $40.00 | $540,000.00 |
| | | BBAV203a | | | |

Items in Total 13,500.00

| | |
|---|---|
| Sub Total | 540,000.00 |
| No Tax (0%) | 0.00 |
| **Total** | **$540,000.00** |
| **Balance Due** | **$540,000.00** |

**WE ACCEPT CREDIT CARDS** - Credit card payments available to qualified customers only.

  

**WIRE INSTRUCTIONS**
For Credit To: ADM Group, LLC
Account Number: 56426836
Routing Number: 121100782
Type: Business Checking
Bank: Bank of the West
Address: 4785 Tejon St, Denver, CO 80211
Prior to delivery of product, Purchaser will have opportunity to inspect and test
the Product for conformity with the Purchase Order or any provided Certificate of

 **ADM** LABS        4785 Tejon St.Denver Colorado 80211 U.S.A

 EXHIBIT 2

Analysis or other laboratory results. Following inspection and testing, Purchaser may request in writing that Seller replace any nonconforming Product or adjust the quantity of the Lot to comply with the quantity or other specifications set forth in the Order. Seller warrants that the Product will conform substantially to the previously provided COA (certificate of analysis) provided with the sale of a given Lot.

Notwithstanding anything contained in this Agreement to the contrary, the limited warranty of Seller as provided herein will be void if any alterations, modifications, or processing have been performed on Product, or, to the extent that any alleged defect is the result of abuse, misuse, improper maintenance or storage, accident, action, or inaction on the part of any Party (or their agent) other than Seller. If it is determined that a given Lot of Product is not as warranted or specified, Seller, in its sole discretion, will promptly provide either

(a) replacement Products in exchange for the return of such nonconforming Products or
(b) a refund of the purchase price.

REPLACEMENT OF PRODUCT OR REFUND OF THE PURCHASE PRICE AS PROVIDED UNDER THIS LIMITED WARRANTY ARE PURCHASER'S EXCLUSIVE REMEDIES.

SELLER MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING USE OF THE PRODUCT FOR ANY PURPOSES, INCLUDING PURCHASER'S FURTHER DISTRIBUTION, PROCESSING, AND SALE OF THE PRODUCT AND INCLUDING USE OF THE PRODUCT IN APPLICATIONS INVOLVING THE DIAGNOSIS, CURE, MITIGATION, TREATMENT OR PREVENTION OF ANY ILLNESS, INJURY OR DISEASE

SELLER HEREBY DISCLAIMS, AND PURCHASER WAIVES, ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE. UNDER NO CIRCUMSTANCES WILL SELLER BE LIABLE TO PURCHASER FOR ANY INDIRECT, CONSEQUENTIAL, COLLATERAL, SPECIAL, OR INCIDENTAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS) WITH RESPECT TO ANY PRODUCT OR SERVICE PROVIDED BY SELLER, WHETHER SUCH CLAIM IS BASED ON CONTRACT, NEGLIGENCE, STRICT TORT, WARRANTY, OR ANY OTHER BASIS. SELLER'S LIABILITY MAY NOT, IN ANY EVENT, EXCEED THE PURCHASE PRICE OF THE PARTICULAR PRODUCT WITH RESPECT TO WHICH A CLAIM IS MADE.

Total In Words:  *Dollars five hundred forty thousand*

## Terms & Conditions

1) Invoices are payable on receipt unless other terms, negotiated and noted on the invoice. By accepting delivery of service, Buyer agrees to pay the invoiced cost for those services, and agrees to be bound to these contract terms. No acceptance may vary these terms unless specifically agreed in writing by Seller

2) Seller is not liable for any incidental, consequential or special damages, interest, costs or expenses, or for loss of use, loss of data or lost profits or wages, whether or not Seller knew such damages might be incurred. Seller's liability is in all cases limited to refunding the purchase price or current value of the services, at Seller's option.

3) In the event it becomes necessary for the Seller to incur any collection costs or suits to collect payment, the Buyer will be responsible for all such costs, including but not limited to court costs, attorney fees and collection agency fees on said collection/suit.

4) The Plug Supply warrants to you that The Plug Supply shall use its reasonable endeavors to provide the services with reasonable care and skill and, as far as reasonably possible, in accordance with your request and instructions from time to time. Where The Plug Supply supplies you with any goods or services supplied by a third party, then The Plug Supply is acting as your agent in sourcing the goods or services. The Plug Supply will use reasonable care in selecting the supplier and ensuring the order is placed in accordance with your wishes

  4785 Tejon St,Denver Colorado 80211 U.S.A

2

                    EXHIBIT 2

5) All sales are final. Unless otherwise agreed by the supplier, vendor or partner, you shall not be entitled to cancel the service requested where, on your instructions, performance has already begun.

4785 Tejon St.Denver Colorado 80211 U.S.A

3

                                    EXHIBIT 2

### LIMITED WARRANTY

REPLACEMENT OF PRODUCT OR REFUND OF THE PURCHASE PRICE AS PROVIDED UNDER THIS LIMITED WARRANTY ARE PURCHASER'S EXCLUSIVE REMEDIES. SELLER MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING USE OF THE PRODUCT FOR ANY PURPOSES, INCLUDING PURCHASER'S FURTHER DISTRIBUTION, PROCESSING, AND SALE OF THE PRODUCT AND INCLUDING USE OF THE PRODUCT IN APPLICATIONS INVOLVING THE DIAGNOSIS, CURE, MITIGATION, TREATMENT OR PREVENTION OF ANY ILLNESS, INJURY OR DISEASE. SELLER HEREBY DISCLAIMS, AND PURCHASER WAIVES, ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE. UNDER NO CIRCUMSTANCES WILL SELLER BE LIABLE TO PURCHASER FOR ANY INDIRECT, CONSEQUENTIAL, COLLATERAL, SPECIAL, OR INCIDENTAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS) WITH RESPECT TO ANY PRODUCT OR SERVICE PROVIDED BY SELLER, WHETHER SUCH CLAIM IS BASED ON CONTRACT, NEGLIGENCE, STRICT TORT, WARRANTY, OR ANY OTHER BASIS. SELLER'S LIABILITY MAY NOT, IN ANY EVENT, EXCEED THE PURCHASE PRICE OF THE PARTICULAR PRODUCT WITH RESPECT TO WHICH A CLAIM IS MADE.

### ASSUMPTION OF RISK

Prior to delivery of product, Purchaser will have opportunity to inspect and test the Product for conformity with the Purchase Order or any provided Certificate of Analysis or other laboratory results. Following inspection and testing, Purchaser may request in writing that Seller replace any nonconforming Product or adjust the quantity of the Lot to comply with the quantity or other specifications set forth in the Order. Seller warrants that the Product will conform substantially to the previously provided COA (certificate of analysis) provided with the sale of a given Lot. Notwithstanding anything contained in this Invoice to the contrary, the limited warranty of Seller as provided herein will be void if any alterations, modifications, or processing have been performed on Product, or, to the extent that any alleged defect is the result of abuse, misuse, improper maintenance or storage, accident, action, or inaction on the part of any Party (or their agent) other than Seller.

### CONFIDENTIALITY

Except for information in the public domain and information authorized by Seller to be disclosed, the Purchaser must not, for any reason or in any manner whatsoever use, communicate, divulge or otherwise exploit for his own benefit or for the benefit of any other person or entity any name, address or other sensitive business information concerning any employee, agent, client lists, Sellers, financers or any other confidential information of Seller, any technology technical information, analysis, data, know-how, trade secrets, and/or information of a confidential nature relating but not limited to the ownership, operation or management of the Business of Seller (including, without limitation, financial affairs, services, employees, employees' compensation, business strategies and contractual relationships). In exchange, Seller agrees that it will not disclose, communicate or divulge in any manner details of this Agreement with Purchaser.

### INDEMNIFICATION

The Purchasers hereby agrees to defend, indemnify and hold harmless Seller, and its officers, employees, agents, and contractors from any and all claims and liabilities of any type or nature whatsoever arising out of any gross negligence or willful misconduct by the Purchaser.



     4785 Tejon St.Denver Colorado 80211 U.S.A.

# Hemp Sales Order Form

| Customer Name | Effective Date |
|---|---|
| Commodigy OG Vegas Holdings LLC | February 19, 2019 |

**Customer Billing Address**

PO Box 527, Avon, Ohio 44011

| Customer Contact | Customer Email Address | Customer Phone Number |
|---|---|---|
| Tracey Adams | tadams@hempsac.com | (440) 724-1797 |
| Peter Bern | pbern@hempsac.com | (216) 870-1009 |

**Supplier Name**

ADM Labs

**Supplier Address**

4785 Tejon St., Denver, Colorado 80211

| Supplier Contact | Supplier Email Address | Supplier Phone Number |
|---|---|---|
| Jake Shortino | jake@admgroupintl.com | (385) 249-7158 |

| Quantity | Product | Shipment Date | Rate | Total Contract Price |
|---|---|---|---|---|
| 13,500 pounds | ADM Labs – Industrial Hemp – Extractable /Non-Manicured SKU: ADMLPROD12 | February 21, 2019 | $40.00/pound | $540,000.00 |

**Payment Terms**

Payment terms are due upon receipt per ADM Labs Invoice INV-456267

1



PLAINTIFF'S
EXHIBIT
3

# Hemp Sales Order Form

**Pickup Location**

ADM Labs, 4955 Newport St., Commerce City, Colorado 80022

**Pickup Contact**

On Site: Colin Davis, (203) 984-4045, colin@admgroupintl.com

Inquiries/Logistics: Colin Davis, (203) 984-4045, colin@admgroupintl.com

**Delivery Address**

Happy Campers LLC

3643 East Post Road, Las Vegas, Nevada 89120

**Delivery Contact**

On Site: Alex Taracki, (775) 360-8728, alex@mycbdsupplyco.com

Inquiries/Logistics: Tracey Adams, (440) 724-1797, tadams@hempsac.com

**Delivery Terms**

In addition to terms per ADM Labs Invoice INV-456267, the following terms must be met:

- Hemp will be packaged in "super sacks" and additionally packaged in "hempsac" odor barrier bags and preferably placed on pallets for shipment.

- Hempsac bags are preferably sealed using wire ties.

- If bags cannot be sealed, digital pictures must be supplied to show packaged product.

- Logistical information (such as weight, numbers of pallets, number of super sacks and weight of each, etc.) must be documented and emailed to customer prior to shipment.

- Super Sack weight must not exceed 750 pounds.

- Pallets in which the product and packaging are placed must be in

2

Hemp Sales Order Form

# Hemp Sales Order Form

good working condition.

- Super sacks may be double stacked to meet shipment quantity weight.

- Supplier is responsible for having product safely loaded onto the truck by use of a fork lift.

- Customer shall instruct the trucking company not to depart the pickup location until it has received instructions from supplier to so-depart.

- Total quantity of product may vary depending on the ability to load the trailer safely and properly.

- It is the supplier's responsibility to meet the order quantity as stated. If supplier cannot meet the required quantity then this sales order and the invoice must be adjusted properly as well as a credit or additional cost per quantity discrepancy resolved.

- Trailer must be sealed and a digital image of seal must be sent to customer prior to release of transportation.

- Images of product being loaded must be sent to customer.

- Copies of COA (Certificate of Analysis) and any other supplemental paperwork must be given to driver for justification of hemp during shipment.

- Proper hemp licenses must be emailed to customer prior to shipment.

- IRS form W-9 must be completed by supplier and emailed to customer prior to shipment.

**Accepted and Agreed**

*Arman Motiwalla*

**Supplier**

ADM Labs

By: Signature of authorized representative

Arman Motiwalla

**Chief Executive Officer**

**Customer**

Commodigy OG Vegas Holdings LLC

By: Signature of authorized representative

3

Hemp Sales Order Form

# Hemp Sales Order Form

| Printed Name | Printed Name |
| --- | --- |
| Jake Shortino | Peter Bern |
| Title | Title |
| Director | Manager |

4

 **digipathLabs**



(702) 209 - 2429
6450 Cameron St. #113 Las Vegas, NV 89118

1 of 2

**LV1 Preground A**
Happy Campers LLC DBA CBD Supply Company
MME ID: NV20181613309
Plant, Flower - Cured

Sample: DIGP1903.0351.P.01663
Sample Date: 03/12/2019  Report Date: 03/14/2019
METRC Sample:
Batch #: 031219; Lot #: 2;

## Potency Test Results

### Cannabinoid Test Results



| 0.136% | 3.726% |
|--------|--------|
| Total Potential THC | Total Potential CBD |
| 0.155% | 4.182% |
| THCa | CBDa |

### Terpene Test Results    Not Tested

| Analyte | LOQ | Mass | Mass |
|---------|-----|------|------|


PLAINTIFF'S EXHIBIT 4

| Analyte | LOQ % | Mass % | Mass mg/g |
|---------|-------|--------|-----------|
| THCa | 0.001 | 0.155 | 1.55 |
| Δ9-THC | 0.001 | <LOQ | <LOQ |
| Δ8-THC | 0.001 | <LOQ | <LOQ |
| THCV | 0.001 | <LOQ | <LOQ |
| CBDa | 0.001 | 4.182 | 41.82 |
| CBD | 0.001 | 0.058 | 0.58 |
| CBDV | 0.001 | <LOQ | <LOQ |
| CBN | 0.001 | <LOQ | <LOQ |
| CBGa | 0.001 | 0.076 | 0.76 |
| CBG | 0.001 | 0.009 | 0.09 |
| CBC | 0.001 | 0.022 | 0.22 |
| Total | | 4.502 | 45.02 |

Total Potential THC = (THCa * 0.877) + d9-THC + d8-THC. Total Potential CBD = (CBDa *
0.877) + CBD. LOQ = Limit of Quantitation; NR = Not Reported; ND = Not Detected;
Cannabinoids for flower and trim reported as received. Cannabinoids analyzed per Digipath
Labs SOP-317 on an Agilent 1260 UPLC.

NR = Not Reported; ND = Not Detected; LOQ = Limit of Quantification. Terpenes
analyzed per Digipath Labs SOP-334 on an Agilent 7697A/7890B/5977A GC Headspace
MS

| CANNABINOIDS LABELING SUGGESTION PER NAC 453A.508 | | |
|------|------|------|
| THC | CBN | CBD |
| 0.136% | <LOQ | 3.726% |

Scan to View Results



### Safety & Quality Tests

| | | | |
|---|---|---|---|
| Visual | Not Tested | Moisture Content | Not Tested |
| Microbiological | Not Tested | Water Activity | Not Tested |
| Heavy Metals | Not Tested | Residual Solvents | Not Tested |
| Mycotoxins | Not Tested | Pesticides | Not Tested |
| Gender | Not Tested | | |


Accreditation #99721

*I certify that this sample has been tested by DigiPath Labs.*
*All results are reported on AS-IS basis.*

Cindy Orser, PhD
Lab Director

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the
Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per
Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-
detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been
determined for all methods and analytes. These data are available upon request. Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs - All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com




(702) 209 - 2429                                    2 or 2
6450 Cameron St. #113 Las Vegas, NV 89118

**LV1 Preground A**                            Sample: DIGP1903.0351.P.01663
Happy Campers LLC DBA CBD Supply Company         Sample Date: 03/12/2019  Report Date: 03/14/2019
MME ID: NV20181613309                            METRC Sample:
Plant, Flower - Cured                            Batch #:031219; Lot #: 2:

## Pesticides                    Not Tested        ## Microbials                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

| Analyte | LOQ | Limit | Units | Status |
|---------|-----|-------|-------|--------|

NR = Not Reported; NT = Not Tested; TNTC = Too Numerous to Count > 10x Limit;
Microbials analyzed per Digipath Labs SOP-350 using a Bio-Rad CFX96 real-time system or
SOP-351 using 3M petrifilm plates.

## Mycotoxins                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

Tested Mycotoxins: aflatoxin B1, aflatoxin B2, aflatoxin G1, aflatoxin G2, and Ochratoxin.
LOQ = Limit of Quantification; LOD = Limit of Detection; Aflatoxin LOD = 20 PPB Ochratoxin
LOD = 19 ppb. Analyzed per Digipath Labs SOP-353 using a PE Victor X3 Plate Reader.

ND = Not Detected; NR = Not Reported; NT = Not Tested; LOQ = Limit of Quantification;
Tested Pesticides: Nevada Division of Public and Behavioral Health Monitoring List for Pest
Control Substances  Pesticides analyzed per Digipath Labs' SOP-319 on an Agilent 6420 LC
QQQ and SOP-318 on an Agilent 7890B-7010B HES-MS.

## Solvents                      Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

## Heavy Metals                  Not Tested

| Analyte | LOQ | Limit | Units | Status |
|---------|-----|-------|-------|--------|

ND = Not Detected; LOQ = Limit of Quantification; Tested Metals: Lead, Cadmium, Mercury,
Arsenic.  Heavy Metals analyzed per Digipath Labs SOP-321 using an Agilent 7700 ICP MS.

NR = Not Reported; ND = Not Detected; LOQ = Limit of Quantification. Solvents analyzed
per Digipath Labs SOP-320 on an Agilent 7697A/7890B/5977A GC Headspace MS



*I certify that this sample has been tested by DigiPath Labs.*
*All results are reported on AS-IS basis.*

Cindy Orser, PhD
Lab Director

Accreditation #99721

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the
Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per
Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-
detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been
determined for all methods and analytes.  These data are available upon request.  Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs | All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com

 digipathLabs



(702) 209 - 2429
6450 Cameron St. #113 Las Vegas, NV 89118

1 of 2

**LV1 Ground**
Happy Campers LLC DBA CBD Supply Company
MME ID: NV20181613309
Plant, Flower - Cured

Sample: DIGP1903.0351.P.01662
Sample Date: 03/12/2019  Report Date: 03/14/2019
METRC Sample:
Batch #:031219: Lot #: 1;

## Potency Test Results

### Cannabinoid Test Results

| | |
|---|---|
| 0.167% | 4.519% |
| Total Potential THC | Total Potential CBD |
| 0.190% | 5.043% |
| THCa | CBDa |

### Terpene Test Results        Not Tested

| Analyte | LOQ | Mass | Mass |
|---|---|---|---|

| Analyte | LOQ % | Mass % | Mass mg/g | |
|---|---|---|---|---|
| THCa | 0.001 | 0.190 | 1.90 | |
| Δ9-THC | 0.001 | <LOQ | <LOQ | |
| Δ8-THC | 0.001 | <LOQ | <LOQ | |
| THCV | 0.001 | <LOQ | <LOQ | |
| CBDa | 0.001 | 5.043 | 50.43 | |
| CBD | 0.001 | 0.096 | 0.96 | |
| CBDV | 0.001 | <LOQ | <LOQ | |
| CBN | 0.001 | <LOQ | <LOQ | |
| CBGa | 0.001 | 0.120 | 1.20 | |
| CBG | 0.001 | 0.009 | 0.09 | |
| CBC | 0.001 | 0.024 | 0.24 | |
| Total | | 5.482 | 54.82 | |

Total Potential THC = (THCa * 0.877) + d9-THC - d8-THC, Total Potential CBD = (CBDa * 0.877) + CBD, LOQ = Limit of Quantization; NR = Not Reported, ND = Not Detected; Cannabinoids for flower and trim reported as received. Cannabinoids analyzed per Digipath Labs SOP-317 on an Agilent 1260 UPLC.

NR = Not Reported; ND = Not Detected; LOQ = Limit of Quantification. Terpenes analyzed per Digipath Labs SOP-334 on an Agilent 7697A/7890B/5977A GC Headspace MS.

### Safety & Quality Tests

| CANNABINOIDS LABELING SUGGESTION PER NAC 453A.508 | | |
|---|---|---|
| THC | CBN | CBD |
| 0.167% | <LOQ | 4.519% |

Scan to View Results



| | | | |
|---|---|---|---|
| Visual | Not Tested | Moisture Content | Not Tested |
| Microbiological | Not Tested | Water Activity | Not Tested |
| Heavy Metals | Not Tested | Residual Solvents | Not Tested |
| Mycotoxins | Not Tested | Pesticides | Not Tested |
| Gender | Not Tested | | |

*I certify that this sample has been tested by DigiPath Labs.
All results are reported on AS-IS basis.*



Accreditation #99721

Cindy Orser, PhD
Lab Director

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been determined for all methods and analytes. These data are available upon request. Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs | All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com





(702) 209 - 2429
6450 Cameron St. #113 Las Vegas, NV 89118

2 of 2

**LV1 Ground**
Happy Campers LLC DBA CBD Supply Company
MME ID: NV20181613309
Plant, Flower - Cured

Sample: DIGP1903.0351.P.01662
Sample Date: 03/12/2019  Report Date: 03/14/2019
METRC Sample:
Batch #:031219: Lot #: 1:

## Pesticides                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

## Microbials                   Not Tested

| Analyte | LOQ | Limit | Units | Status |
|---------|-----|-------|-------|--------|

NR = Not Reported; NT = Not Tested; TNTC = Too Numerous to Count > 10x Limit;
Microbials analyzed per Digipath Labs SOP-350 using a Bio-Rad CFX96 real-time system or
SOP-351 using 3M petrifilm plates.

## Mycotoxins                   Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

Tested Mycotoxins: aflatoxin B1, aflatoxin B2, aflatoxin G1, aflatoxin G2, and Ochratoxin.
LOQ = Limit of Quantification; LOD = Limit of Detection: Aflatoxin LOD = 3G PPB Ochratoxin
LOD = 9 ppb. Analyzed per Digipath Labs SOP-353 using a PE Victor X3 Plate Reader

ND = Not Detected; NR = Not Reported; NT = Not Tested; LOQ = Limit of Quantification;
Tested Pesticides: Nevada Division of Public and Behavioral Health Monitoring List for Pest
Control Substances. Pesticides analyzed per Digipath Labs' SOP-319 on an Agilent 6420 LC
QQQ and SOP-318 on an Agilent 7890B-7010B HES-MS.

## Solvents                     Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---------|-----|-------|------|--------|

## Heavy Metals                 Not Tested

| Analyte | LOQ | Limit | Units | Status |
|---------|-----|-------|-------|--------|

ND = Not Detected; LOQ = Limit of Quantitation; Tested Metals: Lead, Cadmium, Mercury,
Arsenic. Heavy Metals analyzed per Digipath Labs SOP-321 using an Agilent 7700 ICPMS.

NR = Not Reported; ND = Not Detected, LOQ = Limit of Quantification. Solvents analyzed
per Digipath Labs SOP-320 on an Agilent 7697A/7890B/5977A GC Headspace MS




Accreditation #99721

*i certify that this sample has been tested by DigiPath Labs.*
*All results are reported on AS-IS basis.*

Cindy Orser, PhD
Lab Director

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been determined for all methods and analytes. These data are available upon request. Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs | All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com

 digipathLabs



(702) 209 - 2429
6450 Cameron St. #113 Las Vegas, NV 89118

1 of 2

**LV1 Preground Bag B**
Happy Campers LLC DBA CBD Supply Company
MME ID: NV20181613309
Plant, Flower - Cured

Sample: DIGP1903.0351.P.01664
Sample Date: 03/12/2019  Report Date: 03/14/2019
METRC Sample:
Batch #:031219; Lot #: 3;

## Potency Test Results

### Cannabinoid Test Results

|  |  |
|---|---|
| **0.147%** Total Potential THC | **4.644%** Total Potential CBD |
| **0.168%** THCa | **5.124%** CBDa |

### Terpene Test Results          Not Tested

| Analyte | LOQ | Mass | Mass |
|---|---|---|---|

| Analyte | LOQ % | Mass % | Mass mg/g |
|---|---|---|---|
| THCa | 0.001 | 0.168 | 1.68 |
| Δ9-THC | 0.001 | <LOQ | <LOQ |
| Δ8-THC | 0.001 | <LOQ | <LOQ |
| THCV | 0.001 | <LOQ | <LOQ |
| CBDa | 0.001 | 5.124 | 51.24 |
| CBD | 0.001 | 0.150 | 1.50 |
| CBDV | 0.001 | <LOQ | <LOQ |
| CBN | 0.001 | <LOQ | <LOQ |
| CBGa | 0.001 | 0.216 | 2.16 |
| CBG | 0.001 | 0.010 | 0.10 |
| CBC | 0.001 | 0.029 | 0.29 |
| Total |  | 5.697 | 56.97 |

NR = Not Reported, ND = Not Detected; LOQ = Limit of Quantification  Terpenes analyzed per Digipath Labs SOP-334 on an Agilent 7697A/7890B/5977A GC Headspace MS

Total Potential THC = (THCa * 0.877) + d9-THC + d8-THC, Total Potential CBD = (CBDa * 0.877) + CBD, LOQ = Limit of Quantification; NR = Not Reported; ND = Not Detected; Cannabinoids for flower and trim reported as received. Cannabinoids analyzed per Digipath Labs SOP-317 on an Agilent 1260 UPLC

### CANNABINOIDS LABELING SUGGESTION PER NAC 453A.508

| THC | CBN | CBD |
|---|---|---|
| 0.147% | <LOQ | 4.644% |

Scan to View Results



### Safety & Quality Tests

| | | | |
|---|---|---|---|
| Visual | Not Tested | Moisture Content | Not Tested |
| Microbiological | Not Tested | Water Activity | Not Tested |
| Heavy Metals | Not Tested | Residual Solvents | Not Tested |
| Mycotoxins | Not Tested | Pesticides | Not Tested |
| Gender | Not Tested | | |

*I certify that this sample has been tested by DigiPath Labs.
All results are reported on AS-IS basis.*

Cindy Orser, PhD
Lab Director

 

Accreditation #99721

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been determined for all methods and analytes. These data are available upon request. Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs | All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com

 **digipathLabs**
*pure. lab*



(702) 209 - 2429
6450 Cameron St. #113 Las Vegas, NV 89118

2 of 2

**LV1 Preground Bag B**
Happy Campers LLC DBA CBD Supply Company
MME ID: NV20181613309
Plant, Flower - Cured

Sample: DIGP1903.0351.P01664
Sample Date: 03/12/2019  Report Date: 03/14/2019
METRC Sample:
Batch #:031219; Lot #: 3;

## Pesticides                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---|---|---|---|---|

## Microbials                    Not Tested

| Analyte | LOQ | Limit | Units | Status |
|---|---|---|---|---|

NR = Not Reported; NT = Not Tested; TNTC = Too Numerous to Count > 10x Limit;
Microbials analyzed per Digipath Labs SOP-350 using a Bio-Rad CFX96 real-time system or
SOP-351 using 3M petrifilm plates.

## Mycotoxins                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---|---|---|---|---|

Tested Mycotoxins: aflatoxin B1, aflatoxin B2, aflatoxin G1, aflatoxin G2, and Ochratoxin
LOQ = Limit of Quantification; LOD = Limit of Detection; Aflatoxin LOD = 20 PPB Ochratoxin
LOD = 1.9 ppb. Analyzed per Digipath Labs SOP-353 using a PE Victor X3 Plate Reader

ND = Not Detected; NR = Not Reported; NT = Not Tested; LOQ = Limit of Quantification;
Tested Pesticides: Nevada Division of Public and Behavioral Health Monitoring List for Pest
Control Substances. Pesticides analyzed per Digipath Labs' SOP-319 on an Agilent 6420 LC
QQQ and SOP-318 on an Agilent 7890B-7010B HES-MS.

## Solvents                    Not Tested

| Analyte | LOQ | Limit | Mass | Status |
|---|---|---|---|---|

## Heavy Metals                    Not Tested

| Analyte | LOQ | Limit | Units | Status |
|---|---|---|---|---|

ND = Not Detected; LOQ = Limit of Quantification; Tested Metals: Lead, Cadmium, Mercury,
Arsenic. Heavy Metals analyzed per Digipath Labs SOP-321 using an Agilent 7700 ICP.MS.

NR = Not Reported; ND = Not Detected; LOQ = Limit of Quantification. Solvents analyzed
per Digipath Labs SOP-320 on an Agilent 7697A/7890B/5977A GC Headspace MS

*I certify that this sample has been tested by DigiPath Labs.*
*All results are reported on AS-IS basis.*

 

Cindy Orser, PhD
Lab Director

Accreditation #99721

All pass/fail limits are as specified in NAC 453.A and DPBH Policies. Unless otherwise stated, all quality control samples performed within specifications previously established by the Laboratory. This product has been tested by Digipath Labs, Inc. using validated testing methodologies under a QMS as required by ISO-17025:2017 and Nevada state law. Sample collected per Digipath Labs' SOP-312. Values reported relate only to the product tested. Digipath Labs, Inc. makes no claims as to the efficacy, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This Certificate shall not be reproduced without the written approval of Digipath Labs, Inc. Measurement Uncertainty values have been determined for all methods and analytes. These data are available upon request. Digipath Labs, Inc. treats all client communication and testing results as confidential.

© 2018 Digipath Labs | All Rights Reserved | www.digipathlabs.com | info@digipathlabs.com



NAILAH K. BYRD
CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

Court of Common Pleas

New Case Electronically Filed:
May 15, 2019 16:04

By: DANIEL F. LINDNER 0063918

Confirmation Nbr. 1710936

COMMODIGY OG VEGAS HOLDINGS LLC                CV 19 915419

vs.

ADM LABS, ET AL                                Judge:  PETER J. CORRIGAN

Pages Filed:  24