# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **COMMODIGY OG VEGAS HOLDINGS, LLC,** | **CASE NO. 1:19-CV-01382** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **ADM LABS, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon the Motion for Prejudgment Attachment of Plaintiff Commodigy OG Vegas Holdings, LLC. (Doc. No. 16.) Defendants ADM Labs LLC, ADM Group LLC, Arman Motiwalla, Jake Shortino, and Colin Davis (collectively, "Defendants") filed a brief in opposition on November 26, 2019, to which Plaintiff replied on December 6, 2019. (Doc. Nos. 19, 23.) For the following reasons, Plaintiff's Motion for Prejudgment Attachment (Doc. No. 16) is DENIED.

## I.  Background

Plaintiff alleges that it paid Defendants $540,000 for the purchase of 13,500 pounds of industrial hemp based on Defendants' representations as to the quality and certain characteristics of the hemp. (Doc. No. 1-2 at ¶¶ 10-15.) Plaintiff asserts that the hemp it received from Defendants did not meet the specifications warranted by Defendants and that Defendants refused to cure the deficiency. (*Id.* at ¶¶ 16-18.) As a result, on May 15, 2019, Plaintiff filed this action against Defendants in the Cuyahoga County Court of Common Pleas, asserting claims for breach of contract, unjust enrichment, and fraud. (*Id.* at ¶¶ 19-33.)

On June 14, 2019, Defendants removed the action to this Court. (Doc. No. 1.) Defendants then filed a Motion to Dismiss, which the Court granted with respect to Plaintiff's breach of contract claims against the individual Defendants—Arman Motiwalla, Jake Shortino, and Colin Davis—but denied in all other respects. (Doc. No. 13.)

Thereafter, on November 5, 2019, Plaintiff filed the Motion for Prejudgment Attachment currently under consideration. (Doc. No. 16.) Pursuant to Ohio's prejudgment attachment statute, Plaintiff seeks an order attaching $540,000 from the bank accounts of ADM Labs LLC and ADM Group LLC (collectively, "ADM"). (*Id.*) Specifically, Plaintiff identified ADM's accounts at Bank of the West in Denver, Colorado. (*Id.* at 5.) Defendants filed a brief in opposition to Plaintiff's Motion for Prejudgment Attachment on November 26, 2019. (Doc. No. 19.) They contend that Plaintiff's Motion should be denied on several bases. In particular, Defendants assert that denial is warranted because (1) Plaintiff seeks to attach the bank accounts of non-parties, (2) Plaintiff's Motion is procedurally deficient, (3) Ohio's prejudgment attachment statute does not apply to property outside of Ohio, (4) Plaintiff's supporting affidavit does not meet the requirements of Ohio's prejudgment attachment statute, and (5) Plaintiff has not demonstrated probable cause in support of its Motion. (*Id.*) Plaintiff filed a reply in support of its Motion on December 6, 2019, responding to each of Defendants' arguments. (Doc. No. 23.)

**II. Law and Analysis**

Federal Rule of Civil Procedure 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Accordingly, when there is no controlling federal

statute, "Ohio federal courts apply Ohio law 'to determine if prejudgment attachment is appropriate.'" *Data Processing Sciences Corp. v. Lumenate Technologies, LP*, No. 1:16-cv-295, 2016 WL 3144117, at \*2 (S.D. Ohio June 6, 2016) (quoting *Nationwide Mut. Ins. Co. v. Whiteford Sys., Inc.*, 787 F. Supp. 766, 758 (S.D. Ohio 1992)).

Pursuant to Ohio Revised Code § 2715.01, "[a]n attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of" several enumerated grounds. However, courts have held that Ohio's attachment statutes "do not apply to assets located outside of Ohio." *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333, 336 (6th Cir. 1988). As a result, Ohio's prejudgment attachment statute cannot reach funds located outside of Ohio. For example, in *Ashton Park Apartments, Ltd. v. Lebor*, the plaintiff moved for prejudgment attachment and identified several of the defendants' assets for attachment, including the defendants' account at a bank to which the plaintiff had previously wired $100,000 and "funds and other property located in Scotland, India, Philippines, Israel, Papua New Guinea, New Zealand, London, Mexico, Lichtenstein, Zurich and [sic] Austrailia." 252 F. Supp. 2d 539, 549 (N.D. Ohio 2003). The defendants pointed out that none of these assets were located in Ohio, and the court denied the plaintiff's motion because it "fail[ed] to identify property, assets or 'debts' over which the Court has jurisdiction to issue an order of attachment." *Id.* at 548-50.

In addition, in *Concheck v. Barcroft*, the plaintiff paid the defendants $500,000 as part of an investment program, which the defendants then fraudulently spent "on personal debts and expenditures other than the investments promised in the contractual agreement." No. 2:10–cv–656, 2010 WL 4117480, at \*1 (S.D. Ohio Oct. 18, 2010). The plaintiff brought suit and moved for a preliminary injunction ordering two of the defendants to deposit $500,000 with the court. *Id.* The

3

court noted that preliminary injunctive relief is only appropriate where preliminary state legal remedies—including prejudgment attachment—are inadequate. *Id.* at *2. The court then found that a preliminary injunction was appropriate because Ohio's prejudgment attachment statute was inadequate in this instance. *Id.* As the court explained, "because Ohio's attachment laws do not apply outside of Ohio . . . and because Barcroft and Marsh reside in other states, Ohio's prejudgment attachment process is not an adequate remedy for ensuring that they preserve the funds received from Plaintiff." *Id.*

Thus, Ohio's prejudgment attachment statute cannot reach the assets Plaintiff wishes to attach. Plaintiff's affidavit in support of its Motion identifies the property it seeks to attach as the funds in ADM's bank accounts at Bank of the West, the address of which is in Denver, Colorado. (Doc. No. 16 at 5.) Moreover, Defendants have indicated that Bank of the West does not maintain any branches, locations, or offices in Ohio. (Doc. No. 19-1 at ¶ 5.) As such, Plaintiff has failed to identify any property or assets in Ohio over which the Court has jurisdiction to issue an order of attachment.

Further, Plaintiff's reliance on *QSI-Fostoria DC, LLC v. Gen. Elec. Capital Bus. Asset Funding Corp.*, No. 3:02CV7466, 2005 WL 81902 (N.D. Ohio Jan. 14, 2005) in support of its contention that it may attach funds from ADM's bank accounts outside of Ohio is unpersuasive. (Doc. No. 23 at 5-8.) In that case, the court recognized that "Ohio law distinguishes between a debt and tangible goods in the context of attachment or garnishment proceedings." *QSI-Fostoria*, 2005 WL 81902, at *3. Indeed, in Ohio, "[f]or garnishment purposes, 'a debt has no fixed situs and may be reached in any jurisdiction in which the person owing it may be found and served with summons, if the person to whom the debt was due could sue his debtor therefore in that jurisdiction.'" *Id.* (quoting *Ohio Loan & Disc. Co. v. Siemen*, 142 Ohio St. 384, 386-87 (1943)). On the other hand,

4

"tangible personal property of the defendant which is located outside the state cannot be reached by attachment proceedings." *Id.* As such, the court held that Ohio's prejudgment attachment statute permitted the plaintiff-intervenor, BACM, to attach the proceeds from an upcoming settlement between the original plaintiff, QSI, and the defendant, GE Capital, even though GE Capital was not located in Ohio. *Id.* The court reasoned that "BACM seeks to attach a debt owed by GE Capital to QSI" and "[b]ecause a debt has no fixed situs . . . Ohio's attachment statute can reach this property." *Id.*

In contrast to the situation in *QSI-Fostoria*, Plaintiff is not attempting to attach any future settlement or debt that another entity owes ADM. Under Ohio law, such a debt would have no fixed situs and may be subject to Ohio's prejudgment attachment statute. Instead, Plaintiff seeks to attach funds that ADM already holds in Colorado. Plaintiff has not cited any cases demonstrating that Ohio's prejudgment attachment statute can reach this type of asset outside of Ohio. Therefore, the Court will deny Plaintiff's Motion for Prejudgment Attachment.[1]

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Prejudgment Attachment (Doc. No. 16) is DENIED.

**IT IS SO ORDERED.**

Date: December 10, 2019

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Because the Court finds that Ohio's prejudgment attachment statute does not apply to ADM's property outside of Ohio, the Court need not consider Defendants' other arguments in support of the denial of Plaintiff's Motion.