IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **COMMODIGY OG VEGAS HOLDINGS, LLC,** | **CASE NO. 1:19-CV-01382** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **ADM LABS, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon the Motion for Preliminary Injunction of Plaintiff Commodigy OG Vegas Holdings, LLC. (Doc. No. 28.) Defendants ADM Labs LLC, ADM Group LLC, Arman Motiwalla, Jake Shortino, and Colin Davis (collectively, "Defendants") filed a brief in opposition on January 10, 2020, to which Plaintiff replied on January 23, 2020. (Doc. Nos. 30, 32.) For the following reasons, Plaintiff's Motion for Preliminary Injunction (Doc. No. 28) is DENIED.

**I.  Background**

Plaintiff alleges that it paid Defendants $540,000 for the purchase of 13,500 pounds of industrial hemp based on Defendants' representations as to the quality and certain characteristics of the hemp. (Doc. No. 33-1 at ¶¶ 11-16.) Plaintiff asserts that the hemp it received from Defendants did not meet the specifications warranted by Defendants and that Defendants refused to cure the deficiency. (*Id.* at ¶¶ 17-19.) As a result, on May 15, 2019, Plaintiff filed this action against Defendants in the Cuyahoga County Court of Common Pleas, asserting claims for breach of contract, unjust enrichment, and fraud. (Doc. No. 1-2.) Plaintiff later filed a First Amended Complaint to add

a claim for conversion, as well as to specifically name ADM Labs LLC and ADM Group LLC—originally named as ADM Labs and ADM Group, respectively—as defendants.  (Doc. No. 33-1.)

On June 14, 2019, Defendants removed the action to this Court.  (Doc. No. 1.)  Defendants then filed a Motion to Dismiss, which the Court granted with respect to Plaintiff's breach of contract claims against the individual Defendants—Arman Motiwalla, Jake Shortino, and Colin Davis—but denied in all other respects.  (Doc. No. 13.)

Thereafter, on November 5, 2019, Plaintiff filed a Motion for Prejudgment Attachment.  (Doc. No. 16.)  Pursuant to Ohio's prejudgment attachment statute, Plaintiff requested an order attaching $540,000 from the bank accounts of ADM Labs LLC and ADM Group LLC (collectively, "ADM").  (*Id.*)  On December 10, 2019, the Court denied Plaintiff's Motion for Prejudgment Attachment because Ohio's prejudgment attachment statute could not reach funds in ADM's bank accounts located outside of Ohio.  (Doc. No. 24.)

Plaintiff now seeks similar relief by way of a preliminary injunction.  Plaintiff moves this Court for a preliminary injunction requiring $540,000 from ADM's bank accounts to be deposited with the Court until the merits of the case are resolved.  (Doc. No. 28.)  Plaintiff contends this is necessary to prevent the depletion of these funds prior to judgment and that it has met the standard for the issuance of a preliminary injunction, including establishing a substantial likelihood of success with respect to both its breach of contract and fraud claims.  (*Id.*)  In response, Defendants assert Plaintiff's Motion for Preliminary Injunction should be denied because (1) the Court does not have

2

the authority to issue a preliminary injunction freezing ADM's assets under these circumstances, and (2) Plaintiff cannot satisfy the legal standard for injunctive relief. (Doc. No. 30 at 4-13.)[1]

## II. Standard of Review

"In general, courts must examine four factors in deciding whether to grant a preliminary injunction: (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction." *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, 863 F.3d 529, 539-40 (6th Cir. 2017). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). In addition, "a plaintiff must *always* demonstrate some irreparable injury before a preliminary injunction may issue." *Economou v. Physicians Weight Loss Centers of Am.*, 756 F. Supp. 1024, 1031 (N.D. Ohio 1991) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982)).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573. As such, "[t]he party seeking the injunction must establish its case by clear and

---

[1] Defendants also originally argued that Plaintiffs' Motion should be denied because this Court does not have jurisdiction to attach the bank accounts of non-parties ADM Labs LLC and ADM Group LLC. (Doc. No. 30 at 3-4.) Subsequently, Plaintiff amended its Complaint to specifically name both ADM Labs LLC and ADM Group LLC as defendants. (Doc. No. 33-1 at ¶ 6.) As a result, Defendants' argument in this regard is now clearly moot.

3

convincing evidence." *Draudt v. Wooster City Sch. Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 825 (N.D. Ohio 2003).

**III.    Analysis**

      **a. Authority to Issue Preliminary Injunction**

Before addressing whether Plaintiff has established that a preliminary injunction is warranted, the Court must first consider whether it has the authority to issue the requested preliminary injunction. Defendants assert that the Court lacks the authority to issue a preliminary injunction preventing a party from disposing of its assets pending the adjudication of a claim for money damages, which is the relief sought by Plaintiff in this case. (Doc. No. 30 at 4-6.) In response, Plaintiff contends that authority from both the Sixth Circuit and the Supreme Court support its request for a preliminary injunction under these circumstances. (Doc. No. 32 at 5.) The Court agrees with Defendants and finds that the injunctive relief requested by Plaintiff is beyond the Court's authority.

In *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, the Supreme Court considered "whether, in an action for money damages, a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed." 527 U.S. 308, 310 (1999). In the case, the respondents brought a breach of contract claim against the petitioners and requested that the district court enter a preliminary injunction restraining the petitioners from transferring certain assets because the petitioners' insolvency and dissipation of assets would frustrate any judgment respondents could obtain. *Id.* at 312. In considering district courts' equitable powers, the Supreme Court noted "the well-established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id.* at 321. Thus, the Court concluded that "the

4

District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." *Id.* at 333.

In other words, pursuant to the Supreme Court's holding in *Grupo Mexicano*, "prior to entry of judgment, a creditor cannot invoke a court's equitable powers to freeze assets to be later used to satisfy a money judgment." *Eberhard v. Physicians Choice Lab. Services, LLC*, No. 3:15–0156, 2016 WL 6432794, at *3 (M.D. Tenn. Oct. 31, 2016) (denying the plaintiff's request to freeze the defendant's assets "to protect an anticipated, but as of yet uncertain, judgment"), *report and recommendation adopted*, No. 3:15-cv-0156, 2016 WL 6833658 (M.D. Tenn. Nov. 21, 2016); *RBS Asset Fin., Inc. v. Bravo*, No. 05-CV-72681, 2005 WL 3008581, at *4 (E.D. Mich. Nov. 9, 2005) (concluding that, as a matter of law, the court could not grant the plaintiff's motion for preliminary injunction when the plaintiff sought to enjoin the defendant from selling its assets in order "to protect the anticipated judgment of the court").

There are certain exceptions to this general rule, such as "(1) where the movant has an established legal or equitable right to the property; (2) where the injunction is necessary to preserve the Court's ability to provide equitable relief as to an equitable action; and (3) where Congress has specifically provided authority to do so." *Residential Fin. Corp. v. Jacobs*, No. 2:13–cv–1167, 2014 WL 682486, at *3 (S.D. Ohio Feb. 21, 2014).  The Sixth Circuit has also recognized that courts have "the authority to enter a preliminary injunction freezing assets where there is evidence of fraudulent conveyances meant to evade collection on a judgment." *Abrahamson v. Jones*, No. 1:16-cv-712, 2016 WL 3855204, at *7 n.20 (S.D. Ohio July 15, 2016).

Here, Plaintiff requests a preliminary injunction freezing ADM's funds in order to preserve those funds pending the adjudication of Plaintiff's claims.  This is exactly the type of relief that the

5

Supreme Court held was beyond a district court's authority in *Grupo Mexicano*. In addition, Plaintiff has not shown that any exceptions are applicable to its request. Indeed, Plaintiff has not even attempted to argue or establish that it has a legal or equitable right to the property sought to be attached, that any relevant congressional authority exists, that it seeks an equitable remedy, or that Defendants have engaged in fraudulent conveyances meant to evade collection on a future judgment.[2]

Instead, Plaintiff cites several cases that purportedly support this Court's authority to issue the requested injunctive relief. However, each of these cases predate the Supreme Court's holding in *Grupo Mexicano*. (*See* Doc. No. 28 at 9; Doc. No. 32 at 5.) In fact, courts have explicitly recognized that the one of the cases relied on by Plaintiff, *EBSCO Industries, Inc. v. Lilly*, 840 F.2d 333 (6th Cir. 1988), was partially overruled by *Grupo Mexicano*. *Elliott Bros. Steel Co. v. Michigan Metals, Inc.*, No. 07-15520, 2008 WL 2697287, at *3 (E.D. Mich. July 2, 2008) ("*EBSCO Industries* is not controlling, because *EBSCO Industries* appears to have been overruled, in part, by *Grupo*."). In addition, those cases cited by Plaintiff that do not conflict with *Grupo Mexicano* are distinguishable because the parties seeking the injunctions in those cases stated claims for equitable relief, such as rescission and restitution. *See Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289 (1940) ("The principal objects of the suit are rescission of the Savings Plan contracts and restitution of the consideration paid . . . ."); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 97 (6th Cir.

---

[2] The Court notes that Plaintiff's First Amended Complaint includes a claim for unjust enrichment. (Doc. No. 33-1 at ¶¶ 27-29.) Under certain circumstances, some courts have held that a claim for unjust enrichment sounds in equity and therefore may satisfy the exception noted above with respect to claims for equitable relief. *See, e.g.*, *Abrahamson*, 2016 WL 3855204, at *6-7. However, in its Motion for Preliminary Injunction and reply brief, Plaintiff did not argue that an exception applied based on its unjust enrichment claim and therefore waived the argument. Moreover, even if the argument had not been waived, Plaintiff failed to demonstrate it is entitled to relief under this exception, as Plaintiff relied exclusively on its breach of contract and fraud claims in support of its Motion and failed to address the merits of its unjust enrichment claim. *See id.* at *5 n.17 ("Plaintiffs must demonstrate an entitlement to equitable relief to prevail on their request for injunctive relief.").

1982) ("[T]he district court issued the injunction freezing defendants' assets in order to protect the rights of the plaintiff corporations and their shareholders to restitution of funds obtained by Schierack in breach of his promoter's fiduciary duty.").

Consequently, the Court finds that it lacks the authority to issue a preliminary injunction freezing ADM's funds, and Plaintiff's Motion for Preliminary Injunction must be denied.

### b. Whether Preliminary Injunction Is Warranted

Even if the Court had the authority to issue the requested preliminary injunction, the Court agrees with Defendants that Plaintiff has failed to demonstrate that injunctive relief is warranted.

Critically, Plaintiff has failed to establish that it would suffer irreparable injury in the absence of an injunction. A plaintiff's injury is considered "irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. A plaintiff must also show that it will suffer "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (quoting *Monsanto Co. v. Manning*, No. 87–1790, 1988 WL 19169, at *6 (6th Cir. Mar. 8, 1998)). As noted above, "a plaintiff must *always* demonstrate some irreparable injury before a preliminary injunction may issue." *Economou*, 756 F. Supp. at 1031 (quoting *Friendship Materials, Inc.*, 679 F.2d at 104); *see also Sterling Jewelers, Inc. v. Zale Corp.*, No. 5:12CV2823, 2013 WL 278790, at *1 (N.D. Ohio Jan. 24, 2013) ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors.").

In this case, Plaintiff first asserts that it has satisfied the irreparable injury requirement because this Court has already determined that ADM's assets cannot be attached under Ohio's prejudgment attachment statute. (Doc. No. 28 at 8-9.) However, that ruling does not establish that Plaintiff would

7

suffer irreparable injury in the absence of an injunction. It only demonstrates that an injunction may be appropriate because Plaintiff does not have an adequate remedy at law that would enable it to attach ADM's assets. Plaintiff must still show by clear and convincing evidence that it would actually suffer irreparable harm if a preliminary injunction is not issued attaching or freezing ADM's assets.

Next, Plaintiff claims that it will suffer irreparable injury if the Court does not issue an order preserving the $540,000 Plaintiff paid to Defendants because without such an order, Plaintiff will be unable to collect on its anticipated judgment and will go out of business. (Doc. No. 32 at 6-7.) Plaintiff asserts that loss of its business qualifies as irreparable harm. (*Id.*) However, Plaintiff has not presented any evidence that in the absence of a preliminary injunction, it will not be able to collect on any potential judgment entered against Defendants. Indeed, there is no evidence that any Defendants are insolvent or close to insolvent or that they have taken steps to dissipate, conceal, or otherwise improperly shield any funds. As such, there is simply no evidence demonstrating that a preliminary injunction is necessary to preserve Defendants' funds and thus no evidence that Plaintiff will be unable to collect on a judgment in the absence of the requested preliminary injunction. As such, Plaintiff has failed to establish that it would suffer irreparable injury in the absence of a preliminary injunction. *See Taglieri v. Monasky*, No. 1:15 CV 1052, 2016 WL 11568939, at *6 (N.D. Ohio Sept. 29, 2016) (denying motion for preliminary injunction to restrain $254,700 in funds because "Plaintiff points to no evidence suggesting that Monasky has engaged in behavior to render herself judgment proof"); *QSI-Fostoria DC, LLC v. General Electric Capital Business Asset Funding Corp.*, No. 3:02CV7466, 2005 WL 81902, at *5 (N.D. Ohio Jan. 14, 2005) (finding no irreparable harm to support motion for preliminary injunction to freeze certain funds because "BACM has presented no evidence that QSI is insolvent"). This alone is fatal to Plaintiff's request, regardless of

the evidence presented with respect to the other three preliminary injunction factors. *See Jacobs*, 2014 WL 682486, at *4 ("[T]he failure to show irreparable harm is an independently sufficient ground upon which to deny a temporary restraining order and/or preliminary injunction.").[3]

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction (Doc. No. 28) is DENIED.[4]

**IT IS SO ORDERED.**

Date: March 2, 2020

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[3] Although not necessary to its decision, the Court notes that the balance of harms also favors denying injunctive relief. While Plaintiff has not demonstrated that it would suffer any harm in the absence of an injunction, Defendants have indicated that freezing $540,000 of their operating funds would harm their ability to conduct their business. (Doc. No. 30 at 11-12.) The public interest likely also slightly favors denying Plaintiff's Motion, as "granting the requested injunctive relief would harm . . . the public interest, as creditors should be required to receive a judgment before being allowed to dictate control of . . . property." *Jacobs*, 2014 WL 682486, at *4.

[4] When considering whether to grant a preliminary injunction, "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007). The Court finds that there are no disputed factual issues requiring a hearing on Plaintiffs' Motion.